IN THE MATTER OF CHARLES B. CLEMENTS.

**Adoption of Children.** A widowed mother joined in executing a deed of adoption of her child. A day or two afterward, at her request, the adopter signed a paper stating that she could "have her son (the adopted child) at any time she calls for him." *Held*, (1) that under the statute, (R. S. 1879, ¿ 601,) by joining in the deed she relinquished her parental rights over the child; (2) that the subsequent paper could not be construed to work a revocation of the deed; it was evidently intended to allow her only the temporary custody and society of the child.

*Petition for Habeas Corpus.*

*Chas. A. Winslow* for petitioners

*R. L. Brockenbrough* for respondent.

HOUGH, C. J.—This is a proceeding under the *habeas corpus* act, at the relation of the Managers of the Roman Catholic Orphan Asylum, a body corporate, asking to have

the person of Chas. B. Clements, an infant five years of age, taken from the custody of the respondent, Wm. V. Rutledge, and delivered to them. The relators claim the right to the custody of said child under and by virtue of an instrument in writing executed July 3rd, 1882, by Sallie D. Clements, mother and sole surviving parent of said child, committing the care, custody and education of said child to them. The respondent claims the right to the custody of said infant by virtue of a certain deed of adoption executed by him March 1st, 1882, under sections 599, 601, of the Revised Statutes, to which deed the said Sallie D. Clements was a party, and by which she consented to said adoption, and released to said Rutledge, all her right to the care and custody of said infant. This deed was duly acknowledged by the said Rutledge and the said Clements, and was recorded in the recorder's office March 2nd, 1882. A day or two after the deed of adoption was executed, the respondent, at the request of Mrs. Clements, signed a paper stating that "Mrs. Clements can have her son, Charles B. Clements, at any time she calls for him." The principal question presented for determination is as to the effect of the deed of adoption, executed by the respondent and the mother of the child.

The statute under which the deed in question was made, is as follows:

"Section 599. If any person in this State shall desire to adopt any child or children, as his or her heir or devisee, it shall be lawful for such person to do the same by deed, which deed shall be executed, ackowledged and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate.

"Section 600. A married woman, by joining in the deed of adoption with her husband, shall, with her husband, be capable of adopting any child or children.

"Section 601. From the time of filing the deed with the recorder, the child or children adopted shall have the same right against the person or persons executing the

23–78

same, for support and maintenance and for proper and humane treatment, as a child has, by law, against lawful parents; and such adopted child shall have, in all respects, and enjoy all such rights and privileges as against the persons executing the deed of adoption. This provision shall not extend to other parties, but is wholly confined to parties executing the deed of adoption."

It is contended on behalf of the relator, that the 3rd section of the foregoing statute (§ 601) is unconstitutional, inasmuch as its provisions cannot be carried into effect unless the adoptive father is invested with the right to the custody and control of the child adopted, and said section, therefore, impliedly gives to the adoptive father such custody and control, without the consent of the natural parents. It is further contended, that as the consent of the parents is not provided for by the statute, the consent of Mrs. Clements, embodied in the deed of adoption, that the respondent should assume the custody and control of her child, can have no other or greater effect than it would have, if she had not joined in the deed of adoption, and such consent had been given orally, or in a separate instrument; in which case, it is claimed, on the authority of *The Matter of Berenice S. Scarritt*, 76 Mo. 565, the consent so given would be revocable at the pleasure of the mother.

The statute in question, it must be confessed, is quite imperfect and very unskillfully drawn, but when carefully considered, we think it will be found to contain enough to effectuate its general purpose. The 1st section (§ 599) is complete and perfect in itself, and authorizes any person to adopt the child of another so as to make him his heir, without the consent of the parents or other person. *Reinders v. Koppelmann*, 68 Mo. *loc. cit.* 499. This, the legislature, having undoubted power to enact a statute of descents, may lawfully authorize to be done. This section, it will be perceived, does not undertake to create or establish the relation of parent and child between the adopter and the adopted, further than to give the child adopted a right of

inheritance to the same extent, as if he or she were the child of the adopter. The privilege thereby conferred may be of no pecuniary or other benefit to the recipient, until the death of the adopter.

But the 3rd section (§ 601) goes further, and gives the child adopted a right during the life of the adopter, to have and receive from him, or her, support, maintenance and proper and humane treatment. The devolution of these parental duties upon the adoptive father necessarily implies that he is to have the custody and control of the child adopted. But as the legislature has no power to authorize one person, whether acting from motives of charity, benev- olence or caprice, to transfer to himself at his own election, the custody and control of the children of another, it is declared in the last clause of this section that "this provis- ion," meaning the whole of the 3rd section, wherein the rights express or implied hereinbefore mentioned, are con- ferred, "shall not extend to other parties, but is wholly confined to parties executing the deed of adoption." That is to say, parties who do not join in the deed of adoption shall not be affected by anything contained in the 3rd sec- tion ; or, to state the matter differently, the natural relations of parent and child, and the rights and duties springing therefrom, are not to be disturbed without the consent of the natural parent. The language employed to convey this idea, it must be admitted, is exceedingly lame, but it is the only rational construction which can be placed upon it. It is twice plainly declared in previous portions of section 3, that the parental duties arising from the privileges therein conferred upon the child adopted, are confined to the adop- tive parent, and we are not at liberty to suppose that the last clause was intended simply to re-assert the same thing and thereby render the section nugatory, when a construc- tion may be given to such clause which will make the sec- tion operative. We are, therefore, of opinion that the deed of adoption in this case, executed as it is by the mother as

well as by the respondent, entitles the respondent to the custody of the child.

Under this view of the statute and the deed, it will be unnecessary to consider the second proposition advanced by the relators, further than to say, that the agreement of the respondent to permit Mrs. Clements to have her son at any time she might call for him, was evidently intended to allow her only the temporary custody and society of her son, and that even if said agreement were intended to have a broader signification, it cannot be held to work a revocation of the deed of adoption. It may not be out of place here to express the hope that the defects of this statute will at an early day be remedied by appropriate legislation, as cases which can easily be imagined may arise thereunder, that will be incapable of any very satisfactory solution.

We are of the opinion that the said Charles B. Clements should be remanded to the custody of the respondent, Wm. V. Rutledge, and judgment will be entered accordingly. The other judges concur, except Judge Sherwood, who did not sit.