REINDERS, *Guardian, Appellant*, v. KOPPELMAN *et al.*

1.  **Wills**: CONSTRUCTION. In the construction of wills the intention of the testator must govern, if not contrary to law, and this intention is to be gathered from the whole will, and not from detached portions thereof.

2.  ———: ———. A testator's understanding of the meaning of the words used in his will will be adopted without resorting to lexicographers to determine what the same words mean in the abstract, or to adjudicated cases to discover what they have been decided to mean under different circumstances.

3.  ———: ———. In construing a will, the circumstances surrounding a testator, the subject-matter of the devise, and the persons to be benefited may be considered, in order to determine the objects of his bounty.

4.  ———: ———: NEAREST AND LAWFUL HEIRS. Where a testator gave to his wife a life estate in all his property, and, at her death, one-half of the remainder in fee to his adopted daughter, and the other half "to the nearest and lawful heirs of mine and that of my said wife, share and share alike," and the testator and his wife each had brothers and sisters living at the date of the execution of the will and at the testator's death, and the wife after his death remarried and adopted a son of her second husband by a former wife as her heir, such adopted heir will be entitled to no interest under the will, but the brothers and sisters of the testator's wife, or their representatives, will take as being within the meaning of the words, "nearest and lawful heirs," used in the will.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS M. THAYER, Judge.

AFFIRMED.

*Boyle, Adams & McKeighan* and *C. E. Gibson* for appellant.

An adopted son is "the nearest and lawful" heir of the adoptive mother. *Reinders v. Koppelman,*

68 Mo. 500; *In re Clements*, 78 Mo. 354; *Sewell v. Roberts*, 115 Mass. 262; R. S., secs. 599, 600, 601.

*Leo Rassieur* and *Dexter Tiffany* for respondents.

(1) The intention of the testator expressed in his will and fairly drawn from it must govern, if not contrary to the rules of law. *Austin v. Taylor*, Ambler, 376; *Daly v. James*, 8 Wheaton, 495, 507. To ascertain the intention, the whole will must be taken together. *Wright v. Brotherton*, 2 Rawle, 133. (2) In ascertaining the intention of the testator with reference to the objects of his bounty, the court must place itself in the position of the testator with respect to his surroundings when the will was made; and to interpret his intention, it is important to ascertain who constituted his family and relations. *Hall v. Stephens*, 65 Mo. 677. The construction placed by the testator himself upon the phrases used by him is an important element to be considered. *Dugan v. Livingston*, 15 Mo. *232. " Words occurring more than once in a will shall be presumed to be used always in the same sense, unless a contrary intention appear by the context, or unless the words be applied to a different subject." 3 Jarman's 18th Rule of Construction, 707. The testator in this will having used the words, "nearest and lawful heirs," to designate other persons than his own adopted child, by the same words used in reference to his wife's relatives, could not have intended to include her adopted child. (3) The question is, what did the testator mean by the words, "nearest and lawful heirs." Rapalje and Lawrence's Law Dict., "Heir;" 2 Redf. on Wills, 68; *Williamson v. Williamson*, 18 B. Mon. 329. The term is not technical and has never received interpretation from any court, and its meaning is to be ascertained from the context of the will. (4) The words indicate blood relationship. 2 Jarman on Wills [5 Am. Ed.] 591. (5) The artificial relation of an

adopted child is not included in the term, "nearest and lawful heirs," in law, equity, or common parlance. (6) As against the adopted child, the statute should be strictly construed. *Keegan v. Geraghty*, 101 Ill. 26. (7) On authority an adopted child has been held not to be a "legal representative." *Moore v. Moore*, 35 Vt. 101. Nor are adopted children "children," so as to take under a devise to a person and her children. *Shafer v. Enue*, 54 Penn. 306.

BRACE, J.—Appeal from a decree of the circuit court of the city of St Louis in a suit for partition of certain real estate of which one John H. Koppelman died seized.

The question for consideration arises upon the construction of the fourth item in the will of said Koppelman, dated May 7, 1869, the second, third, and fourth items of which are as follows :

"Second. I hereby give and bequeath to my beloved wife, Anna Koppelman, all my estate, real, personal, and mixed, for and during her lifetime.

"Third. The foregoing bequest is made under the express proviso that my said wife will be a mother indeed for our adopted daughter, Johanna, six years old ; that she will bring her up, educate her according to her best means ; also, that my said wife shall carry on and continue my business, in company with my copartners ; but I will that no part of my real estate, still less the whole of it, be sold, or otherwise disposed of before the lapse of twenty-five years. And, should it appear hereafter that the business cannot be carried on with the present capital, the said business shall be reduced to such an extent as to bring it in conformity with said capital.

"Fourth. After the decease of my said wife, Anna Koppelman, the property then left shall be divided as follows : One-half shall be given to our adopted daughter, Johanna, provided she will be a good girl and demean

herself as such toward her parents. And the other half shall go to the nearest and lawful heirs of mine and that of my said wife, share and share alike.''

Koppelman, the testator, died in 1869 ; afterwards, in the year 1874, his widow, the said Anna, married one August Reinders, father of the appellant, Otto W. Reinders, by a former wife. Koppelman never had any children by the said Anna, nor has she ever had any by Reinders, and her age precludes the possibility of her having any issue in the future. At the time of the execution of the will and the death of the testator, the said Koppelman and wife each had brothers and sisters living. On the fourth of January, 1882, the said Anna, in accordance with the provisions of chapter 15, Revised Statutes, 1879, p. 96, adopted her husband's son, the said Otto W. Reinders, as her heir, who claims that he is the '' nearest and lawful heir'' of the said Anna, within the meaning of the fourth item of the said will, and as such is entitled, if he survives the said Anna, to one-fourth interest in the remainder of the proceeds of the real estate sold in this suit, being one-half of the one-half of the remainder that was, under the provisions of said fourth item of the will, to go to ''the nearest and lawful heirs'' of the testator and of his said wife, share and share alike.

The respondents claim, and the court below so held, that the said Otto W. Reinders had no interest, contingent or otherwise, in said land, or the proceeds of the sale thereof, under the decree, but, on the contrary, that the brothers and sisters of the said Anna, or their legal representatives, are '' the nearest and lawful heirs '' of said Anna within the meaning of the testator in his said will. The appellant contends that the decision of this court, in *Reinders v. Koppelman*, 68 Mo. 482, in which this same will was before the court, is decisive of the question, and in support of his contention, quotes the following extract from the opinion in that case : '' The

objection is, that as Mrs. Koppelman is still living, her heirs are not ascertainable, and not in existence, and their interests, should she yet have children, would be destroyed. The answer to this objection by the petitioner is, that by the word ' heirs' used in the will was meant heir apparent, or the heirs of Mrs. Koppelman in existence at the death of the testator; and there is no doubt that there are a number of cases in England, as well as this country, that allow this word to be so construed in wills, where the intent of the testator is manifest, that he refers to such heir or heirs; but in this case the remainder is given on the death of Mrs. Koppelman, and where he uses the term, 'her heirs,' as entitled to a remainder, there is nothing in the will to lead to the inference that he meant by the word heirs to restrict them to such heirs as existed on his death, or were in existence at the time he wrote his will, but, on the contrary, he referred to her heirs when *she* died." The court further says (on page 501, same case): " The remainders in this case are given on the determination of the life estate of Mrs. Koppelman, and, therefore, when her heirs are mentioned in the will, there is no reason to depart from the usual acceptation of the word 'heirs.'"

The question, who would be the heirs of the said Anna at her death within the meaning of the testator, was not in the case, and was not before the court. As to the intention of the testator in the use of the word "heirs" in his will, the court simply held that he meant such heirs of the said Anna as should be in existence at her death, and not such of her heirs as were in existence at the death of the testator, or at the time he wrote his will. It may be conceded that the testator did not, by the terms "nearest and lawful heirs," mean the heirs apparent of the said Anna who would take an indefeasible estate in the remainder devised at the death of the testator, and that he did mean the heirs presumptive

of the said Anna whose estate might be defeated by the contingency of some nearer heir being born, and that an adopted child is an heir of the person who adopts it. *In re Clements*, 78 Mo. 354.

The questions still remain : Is such adopted heir within the meaning and intention of the testator's words "nearest and lawful heirs" as used in his will ? Is the appellant, adopted by the testator's widow thirteen years after the death of the testator, within that class of persons intended by the testator to take the devise made to " the lawful and nearest heirs" of the said Anna at her death, if he be then in existence ? In the construction of wills, the intention of the testator must govern if not contrary to law, as that intention can be gathered, not from detached passages thereof, but from the whole will, and the testator's understanding of the meaning of the words used in his will, will be adopted "without resorting to lexicographers to determine what the same words may mean in the abstract, or to adjudicated cases to discover what they have been decided to mean under different circumstances" (*Dugans v. Livingston*, 15 Mo. 230) ; and in order that the court may place itself as near as may be in the place of the testator and read his will from the same standpoint from which it was written, the circumstances surrounding the testator, the subject-matter of the devise, and the persons to be benefited may be considered in order to determine the objects of his bounty. *Hall v. Stephens*, 65 Mo. 670.

Prior to the execution of the will, the testator had adopted a daughter, and it will be well to observe particularly the language in the fourth item of his will : "After the decease of my said wife, Anna Koppelman, the property then left shall be divided as follows : One-half shall be given to our adopted daughter, Johanna, provided she will be a good girl and demean herself as such towards her parents, and the other half shall go to the nearest and lawful heirs of mine, and of my said

Reinders v. Koppelman.

wife, share and share alike;" *i. e.*, one-half shall go to his adopted heir, the other half shall go to persons other than his adopted heir, and he distinguishes those persons from his adopted heir by the terms, "nearest and lawful heirs of mine." The idea of his adopted daughter being included within the meaning of the words, "nearest and lawful heirs of mine," is palpably at variance with a reasonable construction of this clause of the will; evidently, when speaking of his own "nearest and lawful heirs," he did not intend to include in those terms *his* adopted heir; his understanding of those terms was that they would not include his adopted heir; that they meant heirs of his other than an adopted heir; the same terms, used in the same connection, when applied to the heirs of his wife, must also have the same meaning, *i. e.*, heirs of his wife other than an adopted heir. The testator, by thus placing in apposition in the same sentence, the dissimilar ideas he had of the relation sustained to him by his own adopted child, and "*his* nearest and lawful heirs," shows satisfactorily that an adopted heir of his wife is not within his meaning of the words, "nearest and lawful heirs of my said wife." If, however, the testator had not hung out this light, by which his meaning may be easily read, it would seem that the very terms, "nearest and lawful heirs," would be sufficient to exclude the idea of an adopted heir; the *status* or relation of an adopted heir is a lawful one, since the law sanctions and provides a method for its creation, but the relation is not the creature of the law, but of the deed of adoption; a child by adoption is, in a limited sense, made an heir not by the law, but by contract evidenced by deed; adopted heir or heir by adoption would be appropriately descriptive of such relation; contradistinguished from such an heir are those upon whom the law casts descent, who are constituted heirs by law; these are appropriately described as heirs-at-law, or heirs by the law. This distinction would, of

course, be of little value in construing the will of a lay-man, if it were not almost universally and unconsciously recognized in the affairs of life; and that in common parlance we find that the terms, heirs-at-law and lawful heirs, are used indiscriminately as synonymous and con-vertible terms, and whenever either is used, they are invariably referred to the heirs upon whom descent is cast by law, and not to an heir by adoption. The rela-tion of an heir by adoption is an exceptional and un-usual one, and does not come within the ordinary and usual meaning of the words, lawful heirs, and those words ought not to be held, *ex vi termini*, to include an adopted heir, but when the testator uses the further and qualifying word, "nearest," it would seem that one who is simply and only an heir by deed, deriving all his rights, from the deed of adoption executed long after the death of the testator, and none against any person other than his adoptive parent, must, by the very terms of the will under which he claims, be held to be excluded. The testator evidently meant by the words, "nearest and lawful heirs of my wife," the next of kin of his wife, and not a stranger, unrelated to him either by consan-guinity or affinity, and a stranger to the blood of his wife; the same words that convey the idea of his own relations by consanguinity also convey the idea of his wife's relations by blood. The circumstances that sur-rounded the testator, at the time of the execution of the will, leave but little, if any, doubt that the persons he intended by the terms, "the nearest and lawful heirs of my wife," were her brothers and sisters, with whom he seems to have been acquainted, and with some of whom he had business relations, and whilst it has been con-ceded in this discussion that he may have intended to include a child of his wife, should any be born to her in the future, an event improbable of a woman then fifty-three years of age and up to that time barren, yet it is impossible to believe that he could have intended

the child of a stranger manufactured into an heir by deed. The testator devised to his widow a life estate, the remainder to others; in that remainder she had no interest; she could neither convey it by deed nor devise it by will; she had no more power to convey it by a deed in the form of a deed of adoption than by a deed in any other form; that which she could not do directly, she cannot be permitted to do indirectly, as seems to have been attempted in this case.

' The judgment of the circuit court is affirmed. All concur, except Ray, J., absent.