BELLE W. COCHRAN ET AL. v. W. B. COCHRAN, EXECUTOR, ET AL.

Decided May 17, 1906.

**1.—Will—Construction—Life Estate.**

A testatrix provided by her will as follows: "I want what I have to be equally divided between my five children, namely: V. E. C., M. F. C., W. B. C., B. F. B. C., L. L. C. I want L. L. C. to give bond for the amount he gets. I want his part for him for his life, and at his death, if he dies without lawful children, I want his part · paid to my two grandchildren, B. W. C., W. C., D. J. C.'s children." Held, said will gave to L. L. C. only a life interest in one—fifth of said estate, with remainder to the grandchildren named.

**2.—Same—Adopted Heir.**

L. L. C. died without children. After the death of the testatrix he adopted a minor as his heir. Held, the adoption of such minor could not defeat the devise in remainder to the grandchildren under the terms of said will.

**3.—Debts Due by Life Tenant—Remainderman.**

The one—fifth interest in the estate devised to the grandchildren in remainder could not be charged with the debts due by the life tenant to the testatrix. A remainderman takes directly from the testator, and not through the life tenant.

Appeal from the District Court of Fort Bend County. Tried below before Wells Thompson.

*Spencer C. Russell* and *L. M. Williamson,* for appellants Belle W. and Willie D. Cochran and S. C. Russell and L. M. Williamson.—A remainderman takes by purchase from the testator, and not by inheritance from the life tenant, and therefore neither he nor his remainder

is subject to the debts of the life tenant. Clift v. Clift, 72 Texas, 147; Armistead v. Armistead, 61 S. W. Rep., 1071; Bates v. Rider, 44 S. W. Rep., 666; 24 Am. & Eng. Ency. Law (2d ed.), 384-392.

The will left a life estate to L. L. Cochran with contingent remainder over to appellants, the contingency being that L. L. Cochran should die without lawful children. He so died, and the remainder thereupon became vested in appellants. Chace v. Gregg, 88 Texas, 558; Morris v. Eddins, 44 S. W. Rep., 203.

While it may be that where one paragraph of a will gives an absolute estate, a succeeding repugnant paragraph will be disregarded, nevertheless all parts of a will are to be construed together, and if upon the whole it appears that the testator intended the devisee to take merely a life estate this intention will be given effect, though another clause standing alone, might convey the idea that an absolute estate was intended. McMurry v. Stanley, 69 Texas, 228; Dulin v. Moore, 6 Texas Ct. Rep., 41; Chace v. Gregg, 88 Texas, 558; Morris v. Eddins, 44 S. W. Rep., 203; Hancock v. Butler, 21 Texas, 805.

*W. B. Cochran* and *Hutcheson, Campbell & Hutcheson,* for appellee. —The intention of the testator must be ascertained and followed in construing a will. Lake v. Copeland, 82 Texas, 464; Oxsheer v. Nave, 90 Texas, 573; Dial v. Dial, 21 Texas, 534; Cleveland v. Cleveland, 89 Texas, 445.

All parts of a will must be looked to in order to ascertain the intention of the testator. Lake v. Copeland, 82 Texas, 467; Faulk v. Dashiell, 62 Texas, 652; Vardeman v. Lawson, 17 Texas, 18.

The intention of the testator must be ascertained from the meaning of the words used in the instrument and these words alone. Hunt v. White, 24 Texas, 652; Peet v. Commerce St. Ry. Co., 70 Texas, 527.

The intention of a testator will not be defeated merely because he has not clothed his ideas in technical language. Bell v. Alexander, 22 Texas, 357.

The general rule is that a legacy by a creditor to his debtor does not operate as a release or extinguishment of the debt, unless it appears to have been the intention of the testator that it should so operate. The rule is the same whether the debt arose before or after the execution of the will. 18 Am. & Eng. Ency. of Law, 2d ed., p. 777 and notes.

In order to have a legacy by a creditor to a debtor operate as a release of a debt owing by the legatee to the testator, such intention on the part of the testator must be clearly and affirmatively proven. 18 Am. & Eng. Ency. of Law, 2d ed., p. 777 and notes.

None of the charges against L. L. Cochran are affected by the statutes of limitation; the settlement and division of the estate is one in equity. Oxsheer v. Nave, 40 S. W. Rep., 9.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by W. B. Cochran, executor of the will of Mrs. C. E. Cochran, deceased, for the construction of the will and the partition of the property therein bequeathed. The beneficiaries named in the will who were living, and the heirs of those who had died subsequent to the death of the testator were made parties defendant.

The facts disclosed by the evidence are as follows: On October 15, 1895, Mrs. C. E. Cochran executed a will in which she disposed of her property in the following manner:

"As life is uncertain and death is sure I feel it my duty as well as a privilege to write what I want done with what I leave, money or land, or stock of any kind. I want what I have to be equally divided between my five children, namely: Virgil E. Cochran, Mary Fanny Cain, William Bannister Cochran, Benjamin F. B. Cochran, L. L. Cochran. I want Loneous L. Cochran to give bond for the amount he gets. I want his part for him for his life, and at his death, if he dies without lawful children, I want his part paid to my two grandchildren, Belle W. Cochran, Willie Cochran, D. J. Cochran's children."

After the execution of this will L. L. Cochran became indebted to his mother at various times and in various amounts, the aggregate of such indebtedness remaining unpaid at the death of Mrs. Cochran being $2,079.

Mrs. Cochran died in August, 1901, and the will above mentioned was thereafter duly probated in the County Court of Fort Bend County. W. B. Cochran was named in the will as executor, and had qualified as such before bringing this suit.

L. L. Cochran died in August, 1903, leaving a will which has been duly probated, and by which all of his estate was devised to his wife, Zora Cochran. He died without issue, no children having ever been born to him. After the death of his mother he and his wife, Zora Cochran, adopted as their heir a minor named Fred Cochran, who was one of the defendants in the court below.

The defendants Belle W. and Willie D. Cochran answered claiming as remaindermen one-fifth of the entire estate free from the debts of L. L. Cochran, the life tenant.

The firm of Russell & Williamson intervened in the suit claiming by purchase an undivided one-fourth of the interest of Belle and Willie Cochran in the estate, and asking that their interest be protected by the judgment.

Mrs. Zora Cochran answered and asserted title to the one-fifth interest in the estate devised by the will to L. L. Cochran. She also pleaded the statute of limitations in bar of the claims asserted against her testator, L. L. Cochran.

Fred Cochran, by his guardian *ad litem,* filed an answer adopting as his own the answer of Mrs. Zora Cochran.

The court below held that the defendants Belle and Willie Cochran were entitled under the terms of the will to a one-fifth interest in the estate, but that such interest should be charged with the debt due the estate by L. L. Cochran. Each of the four remaining children of Mrs. Cochran named in the will were decreed to be entitled to one-fifth of the estate, and each was charged with the amounts due by him to the estate. The interest of the interveners in the portion of the estate decreed to Belle and Willie Cochran was established. Mrs. Zora Cochran and the minor, Fred Cochran, were adjudged to have no interest in the estate. All of the property of the estate was ordered partitioned in accordance with the terms of the decree as above indicated, and commissioners of partition were appointed.

Belle and Willie Cochran and Russell & Williamson have appealed jointly from this judgment.

Mrs. Zora Cochran has also appealed, her appeal being against all of the other parties to the judgment.

We will first dispose of the questions presented by the brief of Mrs. Zora Cochran. Her contentions are:

1. That the will of Mrs. C. E. Cochran bequeathed to L. L. Cochran in fee a one-fifth interest in the estate of the testator, and the subsequent provision of the will directing that he give bond for his portion, and declaring that she wants his part for him for life, and at his death, if he dies without lawful children, she wants it paid to her grandchildren, Belle and Willie Cochran, are too indefinite and uncertain to reduce the estate in fee, given him in the previous clause of the will, to a life estate.

2. That under the express terms of the will, the estate bequeathed L. L. Cochran would revert to Belle and Willie Cochran only in event he died without lawful children, and the adoption by him of the minor, Fred Cochran, as his heir, constituted said minor a lawful child of L. L. Cochran as that term is used in the will, and therefore the contingency, which by the terms of the will would defeat the estate in remainder, occurred, and L. L. Cochran took a fee simple estate in the devised property.

She further contends that, in any event, she was entitled, as the sole devisee of L. L. Cochran, to one-fifth of all the net income of the estate which accrued after the death of Mrs. C. E. Cochran, and that her interest in such income could not be offset by debts due the estate by L. L. Cochran which were barred at the time this suit was brought.

We can not agree to the soundness of either the first or second of these contentions. While the language used by Mrs. C. E. Cochran to express her desires as to the disposition of her property is not well chosen, we think, when the paragraph of the will above set out is considered in its entirety, that it was clearly her intention to give L. L. Cochran only a life interest in one-fifth of her estate, with remainder to her grandchildren, Belle and Willie Cochran, in event L. L. Cochran died without lawful issue. The statement that she desires her estate to be equally divided between her five named children, if standing alone, would be construed to vest a fee simple interest to an equal one-fifth of the estate in each of said children; but when this statement is immediately followed by the expressions, "I want L. L. Cochran (one of the five children just previously named) to give bond for the amount he gets. I want his part for him for life, and at his death, if he dies without lawful children, I want his part paid to my two grandchildren, Belle W. Cochran and Willie Cochran," she makes plain her intention that L. L. Cochran is to have only a life estate in an equal one-fifth of her property, and if he dies without lawful children said one-fifth part of her property is to go to the appellants Belle and Willie Cochran. We think it equally clear that she did not intend that the estate in remainder devised to her grandchildren could be defeated by the adoption by L. L. Cochran of an heir. While it is true, as said by Judge Key in McColpin v. McColpin, 8 Texas Ct. Rep., 548, that adoption under our statutes entitles the person adopted to inherit at law as a child

of the adopter, an adopted heir is not in fact the child of the person adopting him, and a devise to the child or children of a named person could not be construed to be a devise to the adopted heir of such person.

The correctness of the third contention of appellant Zora Cochran insofar as it states a proposition of law need not be passed upon. The record shows that there is indebtedness due Mrs. C. E. Cochran's estate by L. L. Cochran not affected by the plea of limitation sufficient in amount to offset one-fifth of the net income of said estate which has accrued since the death of the testator, and therefore the legal questions involved in this contention become abstract.

If our conclusion that under the will of Mrs. Cochran, L. L. Cochran took only a life estate with remainder to appellants Belle and Willie Cochran is correct, it necessarily follows that the debts due the estate by L. L. Cochran are not a charge upon the corpus of the one-fifth of the property devised to him for life. The remainderman takes directly from the testator, and not as heir of the life tenant, and his estate can not be charged with the debts of the life tenant.

We do not understand appellees to question the soundness of the proposition last stated, but their contention is that the one-fifth of the estate devised to L. L. Cochran for life, and at his death to Belle and Willie Cochran, is one-fifth of the property of the testator less the amount due by L. L. Cochran to the estate. In support of this contention they quote the general rule that a legacy by a creditor to his debtor does not operate as a release or extinguishment of the debt unless it clearly appears to have been the intention of the testator that it should so operate.

This rule is manifestly not applicable to the question under consideration, that question is not whether the estate devised to L. L. Cochran should be charged with his debts, but what estate was devised to him, and what portion of the testator's property she intended should pass by the will to her grandchildren, Belle and Willie Cochran.

We think the will, construed as a whole, shows that she intended that her estate should be divided into five equal parts and one of these parts should go to L. L. Cochran for life, with remainder to the grandchildren above named. It is true that she directs that her estate shall be divided equally among her five children, but she follows this with the statement that the part given to L. L. Cochran is for life only, thus showing that the equality which she had in mind was the division of the property into five equal parts and not an equality in the value of the estate devised to each of the five named children.

The cases of Lake v. Copeland, 82 Texas, 464; Oxsheer v. Nave, 90 Texas, 573; Faulk v. Dashiell, 62 Texas, 652; Peet v. Commerce St. Ry. Co., 70 Texas, 527; and others cited by appellees, all recognize the rule that the intention of the testator must be ascertained from the will as a whole, the language used to be interpreted in the light of circumstances existing at the time the will was executed, and when so ascertained such intention must control in the construction of the will.

Applying this rule in the construction of the will under consideration, as before stated, we think it clear that Mrs. Cochran intended that L. L. Cochran should have only a life estate in one-fifth of the property owned by her at the time of her death, and that in event he died without children

said one-fifth of her property should revert to the two grandchildren, appellants herein. Under this construction of the will it necessarily follows that the corpus of the property devised to appellants in remainder can not be charged with the debts of the life tenant, and the trial court erred in not so holding.

That portion of the judgment of the court below holding that the one-fifth of the estate devised to L. L. Cochran for life should be charged with the debts due by him to the estate, is reversed, and judgment is here rendered in favor of the appellants, Belle and Willie Cochran and Russell & Williamson for one-fifth of the estate free from the debts of L. L. Cochran.

In all other respects the judgment of the court below is affirmed.

*Reversed and rendered in part.*
*Affirmed in part.*