## HAWORTH, Respondent, v. HAWORTH et al., Appellants.

### St. Louis Court of Appeals, March 5, 1907.

1. **ADOPTION: Deed: Execution of Deed.** Section 5246, Revised Statutes of 1899, does not require that a deed of adoption shall be executed by any person other than the one who desires to adopt the child named in the deed; such a deed is valid though not consented to either by the child or his natural parent or guardian.

2. ——: ——: ——. It is not necessary in a deed of adoption that the wife of the person adopting the child shall join him in the execution of the deed.

3. ——: **Perpetuating Evidence: Proof.** In an action to establish a deed of adoption which, together with the record of the same, had been destroyed, where the evidence showed numerous declarations by the alleged maker of the deed that he intended to adopt and had adopted the plaintiff, and the recorder of deeds and his deputy testified to the existence and purport of the deed and the destruction by fire of the court house and all its records including both the deed and the record of it, this evidence was sufficiently clear, cogent and convincing to prove the existence of the deed.

4. ————: ————: Action to Establish Deed. In an action to establish a deed of adoption whereby the plaintiff was adopted by one deceased, brought against the heirs of such deceased, it was not necessary to allege that the defendants were claiming some property right in the estate of the deceased adverse to the plaintiff in order to confer jurisdiction; the object of the suit was not to establish any right in the estate, but to restore lost evidence which might be admissible in a future controversy affecting the estate.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Price & Ford* for appellants.

(1) The adoption being in derogation of the common law, and of purely statutory enactment, like all other similar statutes, must be strictly followed, and the proof must be so cogent, clear and forcible as to leave no doubt in the mind of the chancellor. There must be no equivocation or uncertainty in the case. It must be in terms a contract, and not a mere declaration of intention. Casual and loose conversations is dangerous testimony, and should be looked upon with jealousy and weighed in the most scrupulous manner. These agreements are within the Statute of Frauds. Goodwin v. Goodwin, 172 Mo. 48; Kennedy v. Kennedy, 57 Mo. 73; Curd v. Brown, 148 Mo. 92; Philpott v. Penn, 91 Mo. 38; McElvain v. McElvain, 171 Mo. 244; Grantham v. Gossett, 182 Mo. 651. (2) The evidence of mere loose declarations of the person alleged to have made the deed of adoption will not be sufficient, and testimony of verbal admissions or statements of a person since dead is entitled to small weight in establishing a deed of adoption and the record thereof. Davis v. Green, 102 Mo. 170; Johnson v. Quarles, 46 Mo. 427; Fanning v. Doan, 139 Mo. 392; Ringo v. Richardson, 53 Mo. 385. (3) The alleged deed of adoption in this case is void because it

shows on its face that neither the child claimed to be adopted, nor its parents, or guardian, nor any other person joined in the execution of the deed. The right to adopt being purely statutory and in derogation of the common law must be strictly complied with in all respects. Sarazin v. Railway, 153 Mo. 479. (4) The right when acquired under our statutes operated as a permanent transfer of the natural rights of the party adopting and as it is repugnant to the principles of the common law, one who claims that such a change has occurred must show by the clearest and most cogent testimony that every requirement of the statute has been strictly complied with. Ex parte Clark, 87 Cal. 641; Tyler v. Reynolds, 53 Iowa 146; Shearer v. Weaver, 56 Iowa 578; Keegan v. Geraghty, 101 Ill. 26; Ferguson v. Jones, 17 Oregon 204. (5) No act, deed or conveyance, executed or performed by the husband without the assent of the wife, evidenced by her acknowledgment thereof . . . shall prejudice the right and interest of the wife provided in the foregoing sections of this chapter. R. S. 1899, sec. 2946; Grady v. McCorkle, 57 Mo. 172; McCleary v. Lewis, 114 Mo. 582.

*Groom & McConkey* and *George W. Thornberry* for respondent.

(1) The statute authorizes any person to adopt the child of another by deed, without the consent of its parents or other person, and when so adopted it becomes an heir of the adopting parent. R. S. 1899, sec. 5246; In re Clements, 78 Mo. 352; Reinders v. Kogelmann, 68 Mo. 499. (2) The statute of the State of Missouri does not require the wife to join the husband in a deed of adoption, and in Pennsylvania under a similar statute it was held that a child so adopted by the husband did not become the child of the wife, and that in business transactions she dealt at arm's length. 1 Am. Eng. Ency. of Law, 731, sec. 4.

123 App—20

Haworth v. Haworth.

STATEMENT.—The action is to establish a deed of adoption, alleged to have been duly executed and acknowledged by J. M. Haworth in his lifetime, adopting the plaintiff, John H. Haworth, as his child and heir, which deed the petition alleges was duly recorded on the records of deeds, in the recorder's office of Taney county, Missouri, and that both the original deed and the record thereof were destroyed by fire in December, 1885. The petition states that John M. Haworth died intestate, in October, 1903, and that Charity Haworth is his widow and the administratix of his estate, alleged to be worth, in real and personal property, about eight thousand dollars; that J. M. Haworth left no children of their descendants surviving him, and the other defendants, except a widow, are the descendants of his brothers and sisters, deceased, and his only heirs at law.

Among other things, the answer sets up the following special defenses:

"Further answering these defendants say that this court has no jurisdiction, either by law or in equity, over the persons or the subject-matter of this suit, nor has it any authority to enter any judgment against them therein. That defendants have no such direct interest in establishment of the deed of adoption, mentioned in plaintiff's petition, as will authorize the court to render any judgment against them, either at law or in equity, even for costs.

"These defendants further say, in answer to said petition that the deed of adoption, if established as prayed in the plaintiff's petition, would be ineffective as evidence in his behalf, because the same is not alleged to have been executed in the manner and with the formalities required by law.

"Defendants further answering plaintiff's petition, say that the plaintiff's right to institute and prosecute this suit accrued to him more than five years before the filing of the original petition herein, and further they

aver that plaintiff's right to institute and prosecute this suit accrued to him more than ten years before the filing of the original petition herein.

"Defendants say that plaintiff should not have or recover any judgment of any kind against them, because he does not allege in his petition that they are withholding any personal or property rights from him which he possesses, or to which he is entitled, either in law or equity."

The evidence tends to show that plaintiff's father, who was the brother of J. M. Haworth, died in the State of Kentucky about the year 1870 or '71, when plaintiff was six or seven years of age; that J. M. Haworth went to Kentucky after his brother's death, and brought plaintiff to his home in Taney county, Missouri, and plaintiff continued thereafter to reside in the family of J. M. Haworth, as a member thereof, until he attained his majority and was married. There is positive and direct evidence by a former recorder of deeds and a deputy recorder, of Taney county, that they had both seen and examined the record of the deed of adoption spread on the records of Taney county, prior to the year 1885, which deed they testified purported to be executed by J. M. Haworth, and recited, among other considerations, that on account of love and affection he adopted J. H. Haworth as and for his child and heir. Both testified the deed was in the usual form, and the deputy testified he looked it up at the request of J. M. Haworth and saw that it was duly acknowledged before Thomas A. Layton, clerk of the circuit court of Taney county. Other witnesses testified to declarations of J. M. Haworth, made at various times during his lifetime, "that he intended to adopt plaintiff and that he had adopted him and he was his boy." The evidence is that the original deed of adoption was left in the recorder's office by J. M. Haworth and it and the record thereof was destroyed by fire in 1885, which fire totally consumed the courthouse and all the county records of Taney county.

The suit was commenced in Taney county but was sent to the circuit court of Howell county on change of venue, where it was heard by Hon. W. N. Evans, judge of said court, who found that a deed of adoption in the following form was duly executed and acknowledged by J. M. Haworth in his lifetime, to-wit:

"This deed made and entered into this —— day of —— 187--, by and between J. M. Haworth, of the county of Taney, in the State of Missouri, of the first part, and John H. Haworth, a minor and nephew of the said J. M. Haworth, of the county of Taney in the State of Missouri, party of the second part.

"Witnesseth, That J. M. Haworth, the said party of the first part, in consideration of the sum of one dollar to him in hand paid, the receipt of which is hereby acknowledged, and in further consideration of the love and affection the said J. M. Haworth bears unto his minor nephew John Haworth, and divers other considerations him thereto moving, has adopted, and hereby does by these presents adopt the said John H. Haworth as and for his child, heir and devisee, under and by virtue of the statutes of Missouri relating to the adoption of children.

"In testimony whereof the said party of the first part has hereunto set his hand and seal the day and year first above written.

"J. M. HAWORTH.          (Seal)

"State of Missouri, County of Taney, ss.

"On this —— day —— 187--, before me personally appeared J. M. Haworth, to me known to be the person described and who executed the foregoing instrument, and acknowledged that he executed the same as his voluntary act and deed for the uses therein contained.

"In the testimony whereof I have hereunto set my hand and affixed my official seal, on the day and year last above written.     THOMAS F. LAYTON,

"Clerk Circuit Court of Taney County, Mo.'

The court further found that the deed had been duly recorded on the records of deeds of Taney county, that the original and the record thereof had been destroyed by fire in the year 1885, and rendered the following judgment and decree:

"It is therefore considered, adjudged and decreed by the court that the existence of said deed of adoption so made, executed, acknowledged and recorded as aforesaid, together with the existence of the record thereof, be, and the same are hereby by this decree, re-established as fully and completely as the same are herein set forth, and that the same shall relate back to the day and date said original deed of adoption was executed, filed and recorded upon the deed records of Taney county, Missouri, as aforesaid, and that said deed of adoption shall have the same force, effect and virtue in law as if said original deed of adoption and record thereof were now in existence."

Timely motions for new trial and in arrest of judgment were filed by defendant, both of which were overruled by the court, whereupon defendants appealed to this court.

BLAND, P. J. (after stating the facts)— 1. It is contended by defendants that the deed of adoption as set up in the petition, and as found to have been executed by the chancellor, is void, for the reason that neither the plaintiff nor his parent or guardian, or any other person joined him in the execution of the deed. The statute (section 5246, R. S. 1899) does not require that a deed of adoption shall be executed and acknowledged by any person other than the one who desires to adopt the child named in the deed, and such a deed is valid though not consented to by the child, his natural parent, or guardian. [Reinders v. Koppelmann, 68 Mo. 482; In the Matter of Charles B. Clements, 78 Mo. 352; Clarkson v. Hatton, 143 Mo. 1. c. 53-4, 44 S. W. 761.] Nor is it essential to the validity of the deed, that J. M. Haworth's

wife should have joined him in its execution; as to her the deed is void but it is valid as to him. [Sarazin v. Union Ry. Co., 153 Mo. 479, 55 S. W. 92.]

2. Defendant strenuously insists that the evidence was insufficient to warrant the finding, judgment and decree of the circuit court, and cites numerous cases in support of the well-settled rule, that in proceedings of this character, the proof to establish the existence and contents of the lost deed must be so cogent, clear and forcible as to leave no doubt in the mind of the chancellor. Evidence of declarations of the deceased, made in his lifetime, that he intended to adopt plaintiff as his heir and that he had adopted him, and of the fact that plaintiff resided with the deceased, as a member of his family, from infancy until he attained his majority was not sufficient to establish the fact that J. M. Haworth did in fact execute and acknowledge a deed of adoption, but this evidence corroborates that of the two witnesses, who swore they had seen and examined the deed, that it was recorded and was in the usual form and recited a consideration of love and affection. The defendants offered no evidence, except on the character of some of plaintiff's witnesses. The witnesses were present and testified in open court, therefore, the learned trial judge had the opportunity to see and observe their conduct and demeanor on the witness stand, and was in a position to form a correct estimate of the credit that should be given their evidence. To this estimate we should and will pay due deference. The learned trial judge evidently believed plaintiff's witnesses spoke the truth; if they did, the evidence is clear, cogent and convincing that J. M. Haworth, in his lifetime, made, executed and acknowledged a deed, in due form, adopting plaintiff as his child and heir; and that this deed was spread upon the records of deeds in Taney county, Missouri.

3. Defendants contend that for the reason the petition fails to allege in direct terms, that defendants were

claiming some property right in the estate of J. M. Haworth adverse to plaintiff, it is insufficient to confer jurisdiction on the trial court, is without merit. The object of the suit was not to establish any right in the estate of J. M. Haworth, which was then undergoing administration, but to restore lost evidence which may be admissible in any controversy that might arise between plaintiff and defendants on the final distribution of the assets of the estate. We think the judgment is for the right party and it is affirmed. All concur.