HORTENSE MELEK, Appellant, v. THE CURATORS OF THE UNIVERSITY OF MISSOURI, et al., Respondents.

In the Kansas City Court of Appeals, April 30, 1923.

1. **ADOPTION: Statutes: Construction: Statutes of Adoption Are to be Strictly Construed, But Act of Adoption Liberally Construed.** Adoption being unknown to the common law and in derogation of it, the statutes of adoption are to be construed strictly against the adopted child, except that this construction is not extended to the act of adoption itself which is liberally construed in favor of the child adopted.

2. ———: **Deeds: A Deed of Adoption is Binding Only Upon the One Who Makes It.** Under section 5248, Revised Statutes 1919, defining rights of adopted children, a deed of adoption is not binding upon anyone except upon him who makes it, and one who has a life estate cannot convey away the remainder by a deed of adoption any more than by a deed in any other form.

3. ———: **Wills: The Word "Children" Does Not Usually Include an Adopted Child.** The word "children" does not usually include an adopted child, notwithstanding a statutory provision investing an adopted child with the right of inheritance from the adopting parent, unless it is manifest from the language of the will and the surrounding circumstances.

4. **WILLS: Intention of Testator is to be Gleaned from Four Corners of Will.** The intention of the testator is to be gleaned from the four corners of the will.

5. ———: **Evidence in Deposition Held Insufficient to Support Plaintiff's Contention That Testator Intended to Include Daughter's Subsequently Adopted Child in Provision for his Daughter's Children.** In an action to construe a will brought by adopted child of

testator's daughter twenty years after the execution of the will, the testimony of husband of testator's daughter given in a deposition that he was forty-four years of age at the time he testified, which would make him about twenty-four years of age at the time the will was executed, did not support contention of plaintiff that when testator made the will he knew that plaintiff not only had no children but "that she had long been married and was well advanced in years" and that testator must have, therefore, intended to include adopted children in the provision for his daughter's children.

6. ———: The Argument That Testator Contemplated an Adopted Child When He Mentioned in His Will "Child or Children" Held Without Merit.    The argument that testator contemplated an adopted child when he mentioned in the will "child or children" because an adopted child is without a home and without parents, and the will on account of its provision in regard to educating poor young people shows that testator loved children even though adopted, and especially girls, as he wished preference to be given them, is without merit.

Appeal from the Circuit Court of Boone County.—*Hon. David H. Harris*, Judge.

AFFIRMED.

*James M. O'Brien* and *N. T. Gentry* for appellant.

*Orville M. Barnett* for respondent.

BLAND, J.—This action was brought to construe the will of James C. Reid and to require the trustee thereunder to pay over to plaintiff one-half of the money derived from deceased's estate.

The facts show that the will was executed on May 28, 1902; that the testator died a resident of Boone County, Missouri, the following year and that his will was duly probated in said county. Under the terms of the will the testator gave one-half of his estate to be reduced to cash to defendant Mike Bright, trustee, to lend out and to pay over the interest to his mother as long as she should live and after the death of his mother

that part of the estate should be held in the same way in trust from Mrs. Nicholson. After the death of Mrs. Nicholson said one-half of his estate was to go to the curators of the University of the State of Missouri in trust to lend out the money and use the interest to educate poor, industrious and worthy young men and women of Boone County, Missouri, in said university, preference to be given to young women other things being equal. The will provided that the other half of his estate should be held by said Bright in trust to lend out and pay the interest to his daughter, Mamie Lee Cazier, and that after the death of his daughter, "I want said trustee to hold and control and keep loaned out all of said money till my daughter's children become of legal age. At the time of their majority, I want each child to receive an equal portion of all of said money then in the hands of said trustee. If my daughter dies leaving no child or children, then I want said money to be turned over to the curators of the University of the State of Missouri" in trust for the same purpose that they were to use the remainder of the other half of the estate.

At the time the will was executed Mamie Lee Cazier was childless. In the year 1912 Mrs. Cazier adopted plaintiff as her daughter, the adoption taking place in California in accordance with the laws of that State. On October 27, 1919, said Mamie Lee Cazier died leaving no child of any kind other than plaintiff. The sole question to be determined is whether the adoption of plaintiff made her a child of the said Mamie Lee Cazier within the meaning of the will. The trial court decided this question against plaintiff and she has appealed.

It is held that adoption being unknown to the common law and in derogation of it the statutes of adoption are to be construed strictly against the adopted child except that this construction is not extended to the act of adoption itself, which is liberally construed in favor of the child adopted. [Hockaday v. Lynn, 200 Mo. 456, 464; Clarkson v. Hatton, 143 Mo. 47, 57; Reinders v. Koppelman, 94 Mo. 338.] The statute of Missouri, in

existence at the time the will was made, defining the rights of adopted children provides that "this provision shall not be extended to other parties but is wholly confined to parties executing the deed of adoption." [Sec. 5248, R. S. 1919.] A deed of adoption is not binding upon any one except upon him who makes it, and one who has a life estate cannot convey away the remainder by a deed of adoption any more than by a deed in any other form. [Reinders v. Koppelman, supra, l. c. 346; Clarkson v. Hatton, supra, l. c. 58.] The Supreme Court in Hockaday v. Lynn, supra, l. c. 465, quoted with approval the following from the Supreme Court of the State of Pennsylvania:

"The right to inherit from the adopting parent is made complete (by the act of adoption), but the identity of the child is not changed; one adopted has the rights of a child without being a child."

"Giving an adopted son a right to inherit, does not make him a son in fact. And he is so regarded in law, only to give the right to inherit."

"Adopted children are not children (i. e. by the law of nature) of the person by whom they have been adopted, and the Act of Assembly does not attempt the impossibility of making them such."

It is stated in 40 Cyc. 1452—

"The word 'children' does not usually include an adopted child, notwithstanding a statutory provision investing an adopted child with the right of inheritance from the adopting parent, unless it is manifest from the language of the will and the surrounding circumstances, as in connection with such a statute, that the testator intended to include such child."

This undoubtedly correctly states the rule of law in this State.

We fully agree with the contention of plaintiff that the intention of the testator is to be gleaned from the four corners of the will and is the polar star by which the court should be guided in construing a will, but in arriving at the intention of the testator in this case plain-

tiff argues unsoundly and from circumstances all of which are not supported by the evidence. In the first place it is insisted that when the testator made the will he knew that plaintiff not only had no children but "that she had long been married and was well advanced in years." The record does not support the statement that she was well advanced in years nor the inferences to be drawn therefrom that she probably would not have a natural child. The only evidence in the record that tends to throw any light whatever upon the subject is that this suit was filed about twenty years after the will was executed and the husband of testator's daughter, whose deposition was taken in California, stated that he was forty-four years of age at the time he testified, which would make him about twenty-four years of age at the time the will was executed. This was certainly no evidence that testator's daughter was well advanced in years at the time of the execution of the will.

The argument that the testator contemplated an adopted child when he mentioned in the will "child or children" because an adopted child is without a home and without parents, and the will on account of its provision in regard to educating poor young people shows that the testator loved children even though adopted, and especially girls as he wished preference to be given to them, is without merit. In the first place the evidence does not bear out all of these assumed facts, for the reason that an adopted child does not necessarily mean a poor child without a home, and there is no evidence that plaintiff was such a child at the time she was adopted. And in the second place to give effect to such a contention would be merely indulging in speculation as to the intention of the testator instead of determining as a matter of fact what his intentions were. There is nothing in the will and surrounding circumstances to show that the testator used the words "child or children" in a sense to include an adopted child, and there is no question but that the court properly construed the will. [In re Puterbaugh's Estate, 104 Atl. 601 (Penn.); Schaf-

er v. Eneu, 54 Pa. St. 304; In re Leask, 197 N. Y. 193; Cochran v. Cochran, 95 S. W. 731 (Texas); Stout v. Cook, 75 Atl. 583; Lichter v. Thiers, 121 N. W. 153 (Wis.); Merritt v. Morton, 136 S. W. 133 (Ky.).]

The judgment is affirmed. All concur.