G. H. VAUGHN, III, ET AL v. G. H. VAUGHAN, JR., ET AL.

No. A-7587. Decided July 6, 1960.
Rehearing Overruled July 27, 1960.

*Biggers, Baker, Lloyd & Carver, Ralph D. Baker* and *Monty C. Barber*, all of Dallas, for petitioners.

On the error of the courts below in holding that the trust should be created in favor of the adopted son. Murphy v. Slaton, 154 Texas 35, 273 S.W. 2d 588; Wilder v. Wilder, 116 Me. 389, 102 Atl. 110, L.R.A. 1918 B, 119; Wheeling Dallas, Saving & Trust Co. v. Stewart, 28 W. Va. 703, 37 S.E. 2d 254.

*Storey, Armstrong & Steger, E. Taylor Armstrong* and *John K. DeLay, Jr.*, all of Dallas, for respondents.

In response to relators' points of error, cited Ex Parte Goldsmith, 155 Texas 605, 290 S.W. 2d 502; In Re Holden's Trust, 227 Minn. 211, 291 N.W. 104; In Re Heard's Estate, 49 Calif. 2d 514, 319 Pac. 637.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit for the construction of the will of G. H. Vaughn and for a declaratory judgment brought by the executors and trustees under the will of G. H. Vaughn, deceased. The prin-

cipal question involved is whether an $830,000 Trust should be established for Gary William Vaughn, an adopted son of G. H. Vaughn, Jr., when the will reads that the trustees shall immediately create and establish such a trust only in the event "* * * any child of my son, G. H. Vaughn, Jr., is *born* after my death."

The will involved was executed on April 16, 1954. G. H. Vaughn died on November 8, 1955, and the will was duly probated on November 28, 1955.

The will provided for the creation of "Initial Trusts." It also made provision for the creation by the trustees of "New Trusts" under certain conditions. The will directed that upon the death of the testator the trustees, G. H. Vaughn, Jr., J. C. Vaughn, and Dallas National Bank, Dallas, Texas, "shall partition and divide the trust property into two parts[1] of equal value, which shall be designated, respectively, Part One and Part Two. * * *." Part One was to be created by said trustees for the primary benefit of G. H. Vaughn, Jr., and his children and more remote descendants. Part Two, in identical language, was to be for the benefit of J. C. Vaughn and his children and more remote descendants.

Both G. H. Vaughn, Jr. and J. C. Vaughn survived the testator, G. H. Vaughn. G. H. Vaughn, Jr., a natural child of the decedent, had one natural child, namely, G. H. Vaughn, III. This child was born March 14, 1942, before the death of the testator. The respondent, Gary William Vaughn, was born on July 2, 1956, after the death of G. H. Vaughn, the testator. G. H. Vaughn, Jr. legally adopted Gary William on November

---

1.—(A) Upon my death, if my son, G. H. Vaughn, Jr., or any children or descedendants of my said son be then living and if my son J. C. Vaughn, or any children or descendants of my said son be then living, the trustees shall partition and divide the trust property into two parts of equal value, which shall be designated, respectively, Part One and Part Two; but if at that time neither my said son G. H. Vaughn, Jr., nor any children or descendants of my said son be living, the trust property shall not be partitioned or devided as aforesaid, but all of the trust property shall be governed by the terms, provisions, conditions, and limitations hereinafter contained applicable to Part Two, and if at that time neither my said son, J. C. Vaughn, nor any children or descendants of my said son be living, the trust property shall not be partitioned and divided as aforesaid, but all of the trust property shall be governed by the terms, provisions, conditions and limitations hereinafter contained applicable to Part One.

(B) Out of the net income of the respective trust estates created as hereinafter provided, the trustees may pay, at such intervals as they may determine, so much of said net income as the corporate trustee then acting hereunder in its absolute and sole discretion may deem appropriate and determine to distribute unto my wife, DIXIE VAUGHN, so long as she lives. Any income which may be distributed unto my said wife shall be distributed one half (½) equally from all of the trusts then existing hereunder and created out of Part One and the other one half (½) equally from all of the trusts then existing hereunder and created out of Part Two."

26, 1956. The will directs that upon the death of the testator the trustees shall divide and partition Part One into several trusts[2] of equal value. We are only concerned with the question of whether Part One should be divided by creating a separate equal trust for Gary William Vaughn, adopted by G. H. Vaughn, Jr. after the decedent's death, just as though he had been a natural child born to G. H. Vaughn, Jr. after the decedent's death.

The suit was tried to the court without the intervention of a jury. The petition for a declaratory judgment submitted eight questions involving the construction of the will of G. H. Vaughn, deceased. The trial court answered these questions in the affirmative. The answers pertinent to this appeal are as follows:

"1. (a) That a new, separate, equal and distinct trust be created under paragraph (C) of Section IV of the will of G. H. Vaughn, deceased, for the benefit of Gary William Vaughn, such trust to be designated by the name of Gary William Vaughn.

"8. That for all purposes in determining the benefiiciaries and construing the rights under the terms of the will of G. H. Vaughn, deceased, Gary William Vaughn and his children or more remote descendants or any of them shall be entitled to the same benefits as the natural children born unto G. H. Vaughn, Jr. and J. C. Vaughn after the death of G. H. Vaughn and their children or more remote descendants; and any child legally adopted under the laws of the State of Texas by G. H. Vaughn, Jr., and/or J. C. Vaughn who were born after the death of G. H. Vaughn shall be considered the child, descendant, and heir at

---

2.—(C) Upon my death, the trustees shall divide and partition Part One into several trusts of equal value, one trust for my son, G. H. Vaughn, Jr., if he be then living, one trust for each child of my son, G. H. Vaughn, Jr., then living, and one trust for the descendants, if any, taken collectively, or each child of my said son who shall die prior to my death. The trusts above authorized are hereinafter sometimes referred to as the Initial Trusts. The Initial Trust for my son, G. H. Vaughn, Jr., shall be designated the G. H. Vaughn, Jr., Trust, and each other Initial Trust above provided for shall be designated by the name of a particular child of my said son living at my death or who shall have died prior to my death leaving descendants surviving me. Each of said Initial Trusts shall represent, constitute, and be held and administered for the benefit of my said son, for the grandchild of mine whose name designates that particular trust, and for the surviving descendants of any deceased grandchild, all as hereinafter more particularized. *If as, and when any child of my son, G. H. Vaughn, Jr., is born after my death, the trustee shall immediately create and establish, as hereinafter provided, a new, separate, and distinct trust for the benefit of such child of my said son, and each such separate and distinct trust shall be designated by the name of the particular child of my said son born after my death for whose benefit the particular trust is created.* Each such new, separate and distinct trust, other than the initial Trusts, is hereinafter referred to as a New Trust. * * *."

law of the adoptive father and grand-child, descendant, and heir at law of G. H. Vaughn, deceased."

The Court of Civil Appeals affirmed the judgment of the trial court. 328 S.W. 2d 326. The affirmance sustained respondent's position that Article 46a, Section 9,[3] Vernon's Annotated Civil Statutes of Texas, is controlling in determining the intention of the testator, and that under such statutes it should be presumed the testator intended to include Gary William Vaughn. The judgments of both courts are based upon the contention of respondents that Article 46a, Section 9, supra, both by its plain language and when viewed against the background of legislative history preceding its enactment, clearly provides that when any person in a will or other written instrument makes provision for a "child," he shall be deemed to have included adopted children unless a contrary intent is manifested by the use of clear language in the instrument itself. The judgment below sustained the further argument that under the wording of the statutes, it is not the intent of the testator which controls, but the intent attributed to him by the Legislaure. Respondens contend that the true question is whether Gary William Vaughn, the adopted child of G. H. Vaughn, Jr., is to be considered a child within the meaning of the language in the will — "* * * any child of my son, G. H. Vaughn, Jr." Respondent, Gary William Vaughn, reasons that for the adopted child to take as a member

3.—"Sec. 9. When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, all as if said child were their own natural child. For purposes of inheritance under the laws of descent and distribution such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption. The natural parent or parents of such child and their kin shall not inherit from or through said child, but said child shall inherit from and through its natural parent or parents. Nothing herein shall prevent any one from disposing of his property by will according to law. Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. The legal adoption of a child according to the laws of another State of the United States, residing in the State of Texas, shall be, in all respects, valid and binding as if the adoption had occurred in the State of Texas, insofar as the effects of the adoption and the right of inheritance may be concerned as provided in this Act. As amended Acts 1951, 52nd Leg., p. 388, Ch. 249, Sec. 3."

of the class established by the testator in his will, it is only necessary that he show himself to be a child of G. H. Vaughn, Jr., and that since this relationship is definitely established, and since the testator used no language in the will expressing an intent to exclude him, the trustees had no alternative but to "immediately" create and establish a new, separate, and distinct trust for his benefit. In other words, the same character of trust should be created and established as was created and established under the terms of the will for G. H. Vaughn, III, the natural son of G. H. Vaughn, Jr.

We have concluded to reverse the judgments of both the trial court and the Court of Civil Appeals and render judgment for the petitioners for the reasons now to be stated.

In determining the right of Gary William Vaughn, the adopted son of G. H. Vaughn, Jr. to require the trustee to create and establish a new, separate, equal, and distinct trust under paragraph (C) of Section IV of the will of G. H. Vaughn, deceased, Article 46a Section 9, supra, is not controlling, but such statute may be considered as an aid to the construction of the will. The Legislature no doubt, was clothed with power to confer upon the adopted child the right to inherit "from and through" its adoptive parents, but in the case at bar, Gary William Vaughn, the adopted child, is not claiming under the laws of inheritance. He is claiming as a legatee under the will of G. H. Vaughn, deceased. Therefore, his rights are dependent on what was intended by the testator, as expressed in the will. The intent of the testator cannot be supplied by a construction of the meaning of the words of the statute wherein it is provided that "* * * such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes, as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. * * *."

The statute providing for the status of adopted children, while to be used in aid of construction, cannot control or defeat a will's true construction. In the case of Central Trust Company v. Hart, 82 Ohio App. 450, 80 N.E. 2d 920, the court, in holding that the adopted child took no part of the trust, conceded that the adoption statutes showed the legislative intent to make an adopted child an heir, etc. However, the court went on to say, "But, we are not confronted here with the problem of determining the legislative intent of the General Assembly, our problem is to determine the testamentary intent of James L. Hart."

The ultimate question, therefore, is, not as to the meaning of any statute, but what was intended by the testator.

In 1 Am. Jur., Sec. 64, p. 664, it is said:

"In the matter of construing the rights of an adopted child to take under a will, it should be borne in mind that it is not a question of the right of an adopted child to inherit, but simply a question of the testator's intention with respect to those who are to share in his estate. * * *."

■ An examination of G. H. Vaughn's will in its entirety discloses no purpose to include an adopted child as a beneficiary. To the contrary, the will contains language indicating that the testator contemplated that natural children only of his sons were to be included in the class of persons eligible under his will to have "New Trusts" created for them. The language "If, as, and when any child of my son, G. H. Vaughn, Jr., is *born* after my death * * *" shows that G. H. Vaughn did not intend that a new, separate, and distinct trust should be created for the benefit of the after adopted child, Gary William Vaughn. The use of the words "born after my death" renders it most improbable that he was referring to children born to strangers. The language is conclusive that he meant to include as members of the class established by the provisions of paragraph (C) of Section IV, supra, only those children who were actually "born" of his son, G. H. Vaughn, Jr. This conclusion is made inescapable in view of the further provision in the will directing the trustees to immediately after such child is born create the new trust. See Third National Bank and Trust Company v. Davidson, 157 Ohio St. 355, 105 N.E. 2d 573. In that case the court said:

"The strongest and almost conclusive indication that testatrix intended only her blood grandchildren to be her beneficiary under the Tenth Codicil is the words she used with reference to them. Those words are: I further direct that out of the net income of said trust fund, such trustee shall pay to each of my then living grandchildren, whether born prior or subsequent to my decease * * * ."

In the case of Wachovia Bank and Trust Company v. Green, 239 N. Car. 612, 80 S.E. 2d 771, the court emphasized particularly the use of the words "children born" in the will in giving primary consideration to the use of such words. The particular language was: "In the event any child or children shall hereafter be born to either my said niece or my said nephew. such

child or children shall participate equally with others just named, * * * ."

There is another circumstance that convinces us it was not G. H. Vaughn's intention to include Gary William Vaughn as an eligible person to have created for him a "new trust." G. H. Vaughn created two inter vivos trusts. These trusts were created on January 12, 1946 and December 18, 1951, respectively. In both of these trusts, G. H. Vaughn made specific provisions for adopted children. It is significant that the trust of December 1951 and the will of 1954 were both executed after the effective date of the 1951 amendment to Article 46a, Section 9, supra. The will provides for the children "born after my death," and the two trusts provide for adopted children. This distinction makes it clear that it was not the testator's intention to provide for an adopted child in his will. It is clear that the testator by the use of the word "born" intended the word to mean natural children.

Since Gary William Vaughn and his children or more remote descendants are not entitled to any benefits of any kind under the will of G. H. Vaughn, deceased, the judgments of both the trial court and the Court of Civil Appeals are reversed and here rendered declaring that Gary William Vaughn is not entitled to have created for his benefit a new, separate, and distinct trust, under the provisions of paragraph (C) of Section IV of the will of G. H. Vaughn, deceased.

Opinion delivered July 6, 1960.

Rehearing overruled July 27, 1960.