Richard F. MARTIN, Guardian ad Litem for
Eva Jaylene Roberts, et al., Appellant,

v.

T. H. NEEL et al., Appellees.
No. 16525.

Court of Civil Appeals of Texas.
Fort Worth.
May 8, 1964.

Rehearing Denied June 5, 1964.

Richard F. Martin, Fort Worth, for appellant.

Ben McClure, Fort Worth, for appellees Cathy Jo Jackson, Deborah Claire Jackson, James Durelle Jackson and Judy Imogene Roberts, minors.

Brooks, Tarlton, Wilson & Gilbert and Arch B. Gilbert, Fort Worth, for appellees T. H. Neel, W. T. Bonner and First Nat. Bank of Fort Worth, trustee.

RENFRO, Justice.

The trustees under the last will and testament of J. B. Tubb brought this suit to construe the trust created by the will.

Item Three of the will executed by J. B. Tubb named trustees to manage a trust therein created and called Tubb Mineral Trust.

Paragraph (a) of Item Three reads as follows: "(a) This trust is for the use and benefit of my great grandchildren; that is, children of my granddaughter, Eva Duane Jackson, who survive me, including any other great grandchildren who may be born after my death and during the trust period, they being the beneficiaries of this trust who are entitled to this trust estate as hereinafter provided."

In paragraph (b) of Item Three it was provided: "This trust shall continue for and during the natural lives of my great grandchildren who are living at the time of my death, * * *."

The will was executed on July 29, 1953. Tubb died on November 21, 1954. The will was probated on December 20, 1954.

As of the time Tubb executed the will, his granddaughter, Eva Duane Jackson, had given birth to Cathy Jo Jackson (2–13–52) and Deborah Claire Jackson (1–23–53). Before Tubb's death, James Durelle Jackson was born (12–4–53) to Eva Duane, and after his death Judy Imogene Roberts was born (12–1–61) to Eva Duane.

On November 23, 1959, Eva Duane and her then husband, J. W. Roberts, adopted Eva Jaylene Roberts. On May 9, 1963, Eva Duane Roberts Bausch adopted Trina Gay Roberts.

The value of the Tubb Mineral Trust is in excess of $1,500,000.00.

Eva Duane Jackson, Eva Duane Roberts and Eva Duane Roberts Bausch is one and the same person.

In 1963 the trustees brought this action in which the court was requested to answer the following questions:

"1. Are Eva Jaylene Roberts and Trina Gay Roberts beneficiaries of the Tubb Mineral Trust?

"2. In the event Eva Duane Roberts should in the future adopt a child or children who were born prior to the death of J. B. Tubb, would such adopted child or children be beneficiaries of the Tubb Mineral Trust?

"3. In the event Eva Duane Roberts should in the future adopt a child or children who were born subsequent to the death of J. B. Tubb, would such child or children be beneficiaries of the Tubb Mineral Trust?

"4. Would adopted children and adopted descendants of the great grandchildren of J. B. Tubb be contingent beneficiaries of the Tubb Mineral Trust under the first sentence of the second paragraph of subsection (a) of Item Three of the will of J. B. Tubb?

"5. Does the phrase 'great-grandchildren' as used in sub-section (b) of Item Three of the will of J. B. Tubb refer also to adopted great-grandchildren and if so to those alive at J. B. Tubb's death and thereafter adopted or only to those alive and adopted at the date of J. B. Tubb's death?"

In a nonjury trial all questions were answered in the negative.

The adopted children of Eva Duane, Eva Jaylene Roberts and Trina Gay Roberts, acting through their guardian ad litem, appealed.

Appellants rely heavily upon Art. 46a, Vernon's Ann.Tex.St., which reads in part as follows: "When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock. * * * Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class."

The same problem was before the court in Vaughn v. Vaughn, 161 Tex. 104, 337 S.W.2d 793. In the Vaughn case the testator wrote: "If, as, and when any child of my son, G. H. Vaughn, Jr., is born after my death * * *."

In the instant case the testator wrote, " * * * including any other great grandchildren who may be born after my death * * *."

The court, in the Vaughn case, said: "In determining the right of Gary William Vaughn, the adopted son of G. H. Vaughn, Jr., to require the trustees to create and establish a new, separate, equal, and dis-

tinct trust under paragraph (C) of Section IV of the will of G. H. Vaughn, deceased, Article 46a, Section 9, supra, is not controlling, but such statute may be considered as an aid to the construction of the will. The Legislature, no doubt, was clothed with power to confer upon the adopted child the right to inherit 'from and through' its adoptive parents, but in the case at bar, Gary William Vaughn, the adopted child, is not claiming under the laws of inheritance. He is claiming as a legatee under the will of G. H. Vaughn, deceased. Therefore, *his rights are dependent on what was intended by the testator, as expressed in the will.* The intent of the testator cannot be supplied by a construction of the meaning of the words of the statute wherein it is provided that ' * * * such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. * * *' "

The ultimate question is not as to the meaning of the statute, but what was intended by the testator.

The stipulated testimony shows that testator's granddaughter had two natural born children and was pregnant as of the date of the execution of the will. Since the third child was born about four months after the execution of the will, it is probable that he knew of the pregnancy when he executed his will.

As heretofore stated, the granddaughter had only two children when Tubb executed the will. Both were natural children. When testator wrote the will referring to his great grandchildren "that is, children of my granddaughter * * * including any other great grandchildren who may be born after my death", he was referring to the two children already born to his granddaughter, the one to be born in four or five months and any other child that might be born to his granddaughter.

Certainly there is nothing in the record to indicate that Tubb had any reason to suppose that his granddaughter (apparently a young woman) ever contemplated adopting a child or children. As shown by the dates of the births of the first three children, one would not suppose that she would ordinarily want to adopt other children.

■ Where, as here, the court is concerned with the construction of a written instrument and the right to reformation, recission or other equitable relief is not in issue, the intention of the party must be determined from the language of the instrument and the circumstances of its execution. Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105.

■ The use of the words "great grandchildren who may be born after my death" renders it most improbable that he was referring to children born to strangers. Vaughn v. Vaughn, supra.

We hold that the district court rendered a proper judgment. The will, to our mind, shows that Tubb meant to create a trust for his natural great grandchildren. The appellants, not having been born to Eva Duane, were not included in the Tubb Mineral Trust. The testator by the use of "born" intended the word "born" to mean children born to his granddaughter.

■ Both appellants and appellees request that the judgment in so far as it fixes the attorney's fees awarded to the guardians ad litem for the respective parties be remanded to the trial court for further consideration. It appearing that justice will be best served by remanding that part of the judgment, we accordingly reverse and remand that part of the judgment, only, pertaining to attorney's fees.

Judgment awarding attorney's fees is remanded to the trial court for further consideration; in all other respects the judgment is affirmed.

Affirmed in part; reversed and remanded in part.