Harold L. DECKER, Appellant,

v.

Esther ELLIOTT et al., Appellees.

No. 16892.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 16, 1968.

Rehearing Denied March 29, 1968.

Smoot & Smoot, and George A. Smoot, Wichita Falls, for appellant.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellees.

## OPINION

RENFRO, Justice.

This is a trespass to try title suit involving a tract of 110 acres of land in Archer County, Texas, with an alternative pleading of a constructive trust on the part of defendant should it be determined that he owned any interest in the land as a result of a quitclaim deed under which he claimed title.

The question before the trial court and this court is whether a provision in the will of Ida Decker, common source of title, bequeathing the land to her daughter, Ida Butcher, during her life and directing that if she had any children such land should go and belong to "her child or children," included an adopted child of Ida Butcher, she having no natural children.

Ida Decker died December 4, 1934.

She left a will which provided in paragraph (11), "I give to my daughter, Ida Decker Butcher, the 110 acres lying just East of the 100 acre tract heretofore bequested to Anna Culley * * * (description of land) so long as she may live, and at her death, if she has any children, then said estate shall go and belong to her child or children, share and share alike, and if she dies without any children, then said portion of my estate shall be distributed share and share alike to my heirs of body."

Ida Decker Butcher and husband adopted William Gardner Brown Butcher on May 25, 1935.

On December 4, 1964, Ida Decker Butcher, who in the meantime had married one Husak, died.

On August 23, 1966, William Gardner Brown Butcher executed a quitclaim deed to Harold Decker to the land in question.

Plaintiffs are heirs of the body of Ida Decker, deceased. Defendant is Harold Decker.

Plaintiffs filed a motion for summary judgment based on the pleadings, agreements of record and stipulations of the parties. The motion was granted and judgment entered that plaintiffs and David D. Decker and Fred G. Decker, the latter two having been originally named as defendants, recover from the defendant Harold L. Decker the title and possession of the land involved.

Appellant did not forward to this court the will of Ida Decker. Therefore, the will, except for the stipulation as to paragraph (11), does not appear in the record. Thus, we are deprived of any assistance the will considered as a whole might have afforded us in construing paragraph (11).

Appellant relies heavily upon section 3, sub-paragraph (b) of the Probate Code, V.A.T.S., wherein it is provided that " 'Child' includes an adopted child, * * *" and Article 46a, section 9, Vernon's Ann.Tex.Civ.St. The latter section provides: "Sec. 9. When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock. * * *" And "Nothing herein shall prevent any one from disposing of his property by will according to law. Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class."

The 1931 statute, 42nd Leg., p. 300, Chap. 177, Sec. 9, was in effect when Mrs. Decker wrote her will and when she died. It was also in effect when Ida Decker Butcher adopted William Gardner Brown Butcher.

In Cutrer v. Cutrer, 162 Tex. 166, 345 S. W.2d 513, 86 A.L.R.2d 105 (1961), the Supreme Court, speaking through Justice Walker, held: "In jurisdictions where the adoption statutes do not require a different approach, it is generally held that an adopted child is not entitled to property conveyed or devised to the 'children' of the adoptive parent unless a contrary intent is disclosed by additional language or circumstances." The Court held further: "The 1931 statute provided, among other things, that a child adopted in accordance with its provisions should 'thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock.' * * * Since the trust instruments in the present case were executed while this statute was in effect, petitioner argues that Jeffrey is to be regarded for all purposes as the natural son of John Clark Cutrer and is therefore included within the classes identified as 'children' and 'heirs of his body.' *We do not agree.*" (Emphasis added.)

Referring to Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638 (1943), the Court then stated: "The opinion in the Hoch case made it quite clear, however, that as to all persons other than the adoptive parents, an adopted child's status was the same as it would have been if no act of adoption had occurred. There is no basis then for saying that the status conferred by the 1931 Act requires that an adopted child be regarded as a natural child of the adopter for the purpose of construing instruments executed by third persons." The Court further held the 1931 statute did not make adopted children "heirs of the body" or "issue" of the adopter, that there was nothing in the instruments indicating an intention to include an adopted child, and said child had no interest in the trust.

In Vaughn v. Vaughn, 161 Tex. 104, 337 S.W.2d 793 (1960), the Supreme Court held: "In determining the right of Gary William Vaughn, the adopted son of G. H. Vaughn, Jr., to require the trustees to create and establish a new, separate, equal, and distinct trust under paragraph (C) of Section IV of the will of G. H. Vaughn, deceased, Article 46a, Section 9, supra, is not controlling, but such statute may be considered as an aid to the construction of the will. The Legislature, no doubt, was clothed with power to confer upon the adopted child the right to inherit 'from and through' its adoptive parents, but in the case at bar, Gary William Vaughn, the adopted child, is not claiming under the laws of inheritance. He is claiming as a legatee under the will of G. H. Vaughn, deceased. Therefore, his rights are dependent on what was intended by the testator, as expressed in the will. The intent of the testator cannot be supplied by a construction of the meaning of the words of the statute wherein it is provided that '* * * such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class. * * *'"

In our case, William Gardner Brown Butcher had no claim to the land by inheritance from his mother, but his interest, if any, could only arise by reason of Ida Decker's will. Defendant, of course, could claim no greater interest than his vendor, the adopted son.

In the instant case, the record shows that Ida Butcher was married at the time Ida Decker died. The record is silent as to the length of time she had been married, or her age. The record shows only that as of that time she had not given birth to a child, and that she did not give birth to a child or children during her lifetime. The record does not reflect whether she ever discussed with Ida Decker the probability or possibility of sometime adopting a child or children. It was not shown Ida Butcher was incapable of bearing children or even that she suspected she might not be able to bear children. It is not shown that prior to the death of Ida Decker the idea of adoption ever occurred to either testatrix or Ida Butcher.

We hold that from the scant evidence before us, and the one paragraph of the will which is in the record, the intent of Ida Decker was to devise to natural children of Ida Butcher. Certainly no intent is shown to devise to subsequently adopted children of Ida Butcher.

Under authority of Vaughn v. Vaughn, supra; Cutrer v. Cutrer, supra; and Martin v. Neel, 379 S.W.2d 422 (Tex.Civ.App., 1964, error ref.), we affirm the judgment of the trial court.

Affirmed.