Trina Gay ORTEGA and Eva Jalene
Roberts, Petitioners,

v.

**FIRST REPUBLICBANK FORT
WORTH, N.A., Trustee, et al.,
Respondents.**

No. C–8181.

Supreme Court of Texas.

Feb. 28, 1990.

John D. Copeland, Andrea Winters, Dallas, for petitioners.

Richard L. Bourland, Rick K. Disney, Allan Howeth, David C. Bakutis, Fort Worth, and Thomas S. Burke, Dallas, for respondents.

## OPINION ON REHEARING

RAY, Justice.

Petitioners' and respondents' motions for rehearing are overruled. However, we withdraw our opinion of November 15, 1989 and substitute the following.

J.B. Tubb set up a testamentary trust. Nine years after Tubb's death, in 1963, the trustee filed a declaratory judgment suit to resolve the question of whether adopted children were beneficiaries of the trust. The trial court ruled that adopted children were not beneficiaries, and the court of appeals affirmed. *Martin v. Neel*, 379 S.W.2d 422 (Tex.Civ.App.—Fort Worth 1964, writ ref'd). In 1986, the adopted children filed the present action. Count One of the adopted children's Second Amended Petition asserts a bill of review contesting the 1963 declaratory judgment; Count Two seeks declaratory judgment that the adopted children are trust contingent remaindermen. The trial court granted summary judgment against the adopted children on all counts. The court of appeals affirmed in an unpublished opinion. We affirm the judgment of the court of appeals.

In his will, Tubb created a trust for the benefit of his great-grandchildren. The trust stated, in pertinent part:

(a) This trust is for the use and benefit of my great-grandchildren; that is, children of my granddaughter, Eva Duane Jackson, who survive me, including any other great-grandchildren who may be born after my death and during the trust period, they being the beneficiaries of this trust who are entitled to this trust estate as hereinafter provided.

. . . .

(b) This trust shall continue for and during the natural lives of my great-grandchildren who are living at the time of my death. . . .

Tubb died in 1954. The First National Bank of Fort Worth (subsequently First RepublicBank) was the trustee under the will. In 1963, the bank filed a declaratory judgment suit to construe the terms of the trust. At this time, Eva had four natural-born children and two adopted children. Among the issues the bank sought to resolve was whether the adopted children were beneficiaries of the trust. Two guardians ad litem were appointed, one for the adopted children and one for the natural-born children. The judge ruled that the adopted children were not beneficiaries under the trust. The court of appeals affirmed. Over twenty years later, in 1986, the adopted children filed this bill of review and declaratory judgment action.

■■■ In their first point of error the adopted children argue that summary judgment dismissing their bill of review was improper. A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407 (Tex. 1987). A bill of review petitioner must ordinarily plead and prove: (1) a meritorious claim or defense; (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent; (3) unmixed with any fault or negligence of his own. *Id.* at 408; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979).[1]

■■ The adopted children seek to establish as the first element of their bill of review that *Vaughn v. Vaughn*, 161 Tex. 104, 337 S.W.2d 793 (1960), the case relied upon in the 1963 declaratory judgment, was an incorrect statement of the law. They maintain that a later case, *Vaughn v. Gunter*, 458 S.W.2d 523 (Tex.Civ.App.—Dallas 1970), *writ ref'd n.r.e. per curiam,*

---

1. The issue of whether *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), affects the requirement of a showing of meritorious defense in this bill of review proceeding has not been briefed and argued, and we do not address it in this case.

461 S.W.2d 599 (Tex.1970), provides a correct statement of the law that should control their case. We are unpersuaded that *Vaughn v. Vaughn* was decided incorrectly.

Before 1951, the general rule in Texas was that an adopted child was not entitled to property conveyed or devised to the natural children of the adoptive parent unless the intent to include was indicated by additional language or circumstances. *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (1954); *Cochran v. Cochran,* 43 Tex.Civ. App. 259, 95 S.W. 731 (1906, no writ). This presumption of exclusion was changed by the passage of a 1951 amendment to the adoption statutes. The pertinent part of the 1951 statute is as follows:

> Such adopted child shall be regarded as a child of the parent or parents by adoption for all other purposes as well, except that where a deed, will, or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class.

Act of May 7, 1951, ch. 249, § 3, 1951 Tex.Gen.Laws 388, 390 (codified at Tex. Fam.Code Ann. § 16.09 (Vernon 1986 & Supp.1989)). This was the law when *Vaughn v. Vaughn* was decided. In *Vaughn v. Vaughn,* the will established a testamentary trust and provided that new trusts should be created "[i]f, as, and when any child of my son, G.H. Vaughn, Jr., is born after my death...." *Vaughn,* 161 Tex. at 107 n. 2, 337 S.W.2d at 794 n. 2. Gary Williams Vaughn contended that by virtue of his adoption he was included within the class on a par with his stepbrother, G.H. Vaughn, III. This court rejected that argument, stating that the language of the will indicated that the testator intended that only the natural-born children of his sons were to be included. The language in the will, "when any child of my son, G.H. Vaughn, Jr., is *born* after my death," was said to show "that G.H. Vaughn did not intend that a new, separate, and distinct trust should be created for the benefit of the after adopted child, Gary William Vaughn." 161 Tex. at 110, 337 S.W.2d at 797. It was said that the "use of the words 'born after my death' renders it most improbable that [the testator] was referring to children born to strangers," that the language was conclusive that he meant to include as members of the class only those children who were actually born of his son, G.H. Vaughn, Jr., and that this "conclusion is made inescapable in view of the further provision in the will directing the trustees to immediately after such child is born create the new trust." *Id.*

In the later case, *Vaughn v. Gunter,* there was no such language indicating an intent to exclude adopted children in the instruments under examination. Since the settlor's intent could not be determined by the language of the trust instrument, the court resolved the issue of intent by looking at all of the surrounding circumstances. The court found an implied intent to include adopted children.

The court in *Vaughn v. Gunter,* mindful of *Vaughn v. Vaughn,* stated that it was the court's "earnest hope that [its] opinion will not be considered as inconsistent or in conflict with the opinion of the Supreme Court in that case. We think that what we have said is in harmony therewith." 458 S.W.2d at 527. We agree that what was said was in harmony with *Vaughn v. Vaughn.* In that case, the instrument contained words which were clearly intended to exclude children by adoption. In *Vaughn v. Gunter* the instrument contained no such language.

In *Martin v. Neel,* the 1963 declaratory judgment suit brought by the trustee in the instant case, the court was faced with construing language very similar to that in *Vaughn v. Vaughn.* The court focused on the following language: "including any other great-grandchildren who may be born after my death." 379 S.W.2d at 423. The court found that these words indicated a clear intent by the settlor to exclude adopted children from the trust. We believe the court in *Martin v. Neel* correctly relied on *Vaughn v. Vaughn.* We conclude that the adopted children's meritorious defense fails.

The adopted children also have failed to establish that they were prevented by

fraud, accident or wrongful act from making their defense. Their criticism of their guardian ad litem is neither sworn to nor substantiated. *See Baker v. Goldsmith*, 582 S.W.2d at 408.

■ In addition to their bill of review, the adopted children ask us to consider applying sections 73 and 72 of the Restatement of Judgments. Section 73 states: "[A] judgment may be set aside or modified if ... [t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust." Restatement (Second) of Judgments § 73 (1982). Assuming that section 73 should be applied in Texas, we do not agree with the adopted children that *Vaughn v. Gunter* demonstrates a substantial change in the law that would render the holding in *Martin v. Neel* unjust.

Section 72 of the Restatement of Judgments states that a judgment against a minor may be avoided if that person was represented by an appointed representative but the representative failed to prosecute or defend the action with due diligence and reasonable prudence. Restatement (Second) of Judgments § 72 (1982). As previously discussed, the adopted children's criticism of their guardian ad litem is insufficient since it is neither sworn to nor substantiated. *See Baker v. Goldsmith*, 582 S.W.2d at 408–09.

Further, we note that sections 72 and 73 of the Restatement are limited by section 74, which states that relief from a judgment will be denied if:

(1) The person seeking relief failed to exercise reasonable diligence in discovering the ground for relief, or after such discovery was unreasonably dilatory in seeking relief; or

(2) The application for relief is barred by lapse of time....

Restatement (Second) of Judgments § 74 (1982). Section 74 would preclude relief in this case, in which the adopted children waited over *four* years after reaching their majority to file for bill of review. *See* TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1958); *see also Williams v. Adams*, 696 S.W.2d 156, 160 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

■ In their second point of error the adopted children complain that summary judgment was improper because the 1963 declaratory judgment did not address the question of whether they are contingent remaindermen eligible to receive a share of the corpus upon termination of the trust; therefore, they argue, the 1963 judgment could not be res judicata to their Count Two declaratory judgment action on that question. We do not agree.

In the 1963 action the trustee's petition stated:

The Plaintiffs are unable to determine if adopted children of EVA DUANE ROBERTS are included within the term "my great grandchildren," as that term is used in Item Three of the last will of J.B. Tubb.... Plaintiffs are also unable to determine if adopted children or adopted descendants of great grandchildren are contingent beneficiaries of the Tubb Mineral Trust.... Plaintiffs therefore request the Court to construe the Tubb Mineral Trust and answer the following questions in said construction:

1. Are EVA JAYLENE ROBERTS and TRINA GAY ROBERTS beneficiaries of the Tubb Mineral Trust?

The trial court's judgment, answering each question in the negative, included the following:

1. Eva Jaylene Roberts and Trina Gay Roberts are not beneficiaries of the Tubb Mineral Trust.

The court of appeals affirmed:

We hold that the district court rendered a proper judgment. The will, to our mind, shows that Tubb meant to create a trust for his natural great grandchildren. The appellants, not having been born to Eva Duane, were not included in the Tubb Mineral Trust.

*Martin v. Neel*, 379 S.W.2d at 424. This court, satisfied with both the judgment and opinion of the court of appeals, accompanied its refusal to grant writ of error with the docket notation "Refused". It is apparent from the court of appeals opinion in *Martin v. Neel* that the immediate concern

of the trustee was to identify trust income beneficiaries. Nevertheless, it is clear from the pleadings and judgment that the trustee also sought to determine in a single lawsuit all possible rights of the adopted children under the trust. The judgment in the 1963 action therefore provided that the adopted children are not contingent remaindermen of the Tubb trust. Even if the identity of trust contingent remaindermen had not been addressed in the 1963 action, litigation of that issue in the present action would nevertheless be barred because the remaindermen issue was connected with the 1963 cause of action and, with the use of diligence, might have been tried in that action as well as those issues which were actually tried. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971). We therefore hold that the trial court properly granted summary judgment on the adopted children's declaratory judgment action, on the grounds of res judicata.

Accordingly, we conclude that the adopted children are not entitled to bill of review or declaratory relief as a matter of law. We therefore affirm the judgment of the court of appeals.